UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAGESTEE-MULDER, INC., | ) | |
| Plaintiff, | ) ) ) | 09 C 7793 |
| vs. | ) ) | Judge Feinerman |
| CONSOLIDATED INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lagestee-Mulder, Inc. filed this action against Defendant Consolidated Insurance Company, alleging that Consolidated breached its duty to defend Lagestee-Mulder, a general contractor, in a state court action brought by the owner of a construction project. Lagestee-Mulder filed in state court a third-party contribution claim against its subcontractor, Frontrunner Glass & Metal Inc., and both Lagestee-Mulder and Frontrunner tendered their respective defenses to Consolidated. Frontrunner was a named insured under a Consolidated policy, while Lagestee-Mulder sought coverage under a provision of the policy covering entities for which Frontrunner was contractually required to provide coverage. Consolidated accepted Frontrunner's tender under a reservation of rights, but did not immediately respond to Lagestee-Mulder, and ultimately denied coverage after Lagestee-Mulder settled with the state court plaintiff.

Before the Court are two motions to compel filed by Lagestee-Mulder. The motions present three overarching issues, which are considered in turn.

The first issue is whether Consolidated properly withheld material involving its coverage counsel, Ann Behling, under the attorney-client privilege and work product doctrine. Because this is a diversity case, Illinois law govern the privilege inquiry. *See* Fed. R. Evid. 501. In Illinois, the general rule holds that communications between an insurer and its coverage counsel are privileged. *See Ill. Emcasco Ins. Co. v. Nationwide Mut. Ins. Co.*, 913 N.E.2d 1102, 1106-08 (Ill. App. 2009). An exception to the general rule provides that, "[i]n the insurance context, to the extent that an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the attorney-client privilege does not apply." *Chicago Meat Processors, Inc. v. Mid-Century Ins. Co.*, 1996 WL 172148, at *3 (N.D. Ill. Apr. 10, 1996) (citing cases); *see also Amerisure Ins. Co. v. Laserage Tech. Corp.*, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (Illinois law).

Linda Hagen-Mooney, the person Consolidated identified as its "primary claims handler" and Rule 30(b)(6) designee, repeatedly and unequivocally testified that Behling made the final decision to deny coverage to Lagestee-Mulder. When asked whether she (Hagen-Mooney) "could make a determination whether there was coverage or the possibility of coverage" from looking at the policy and the state court pleadings, Hagen-Mooney responded, "I don't make that determination" and that Behling "makes that determination." Hagen-Mooney also testified that "coverage on this was [Behling's] call," that Behling was "the one that makes the coverage decision," that Behling "determined that [Consolidated] should defend" Frontrunner, and that Hagen-Mooney was "just investigating." This testimony, coming as it does from Consolidated's Rule 30(b)(6) designee, leaves no doubt that Behling, as Consolidated's final decisionmaker on Lagestee-Mulder's tender, was acting in a business capacity as Consolidated's claims adjuster

and not merely as Hagen-Mooney's legal advisor. It follows that documents and information involving Behling, insofar as they involve coverage determinations, are not privileged.

Consolidated makes no effort to show that coverage-related materials involving Behling are protected by the work product doctrine, and thus forfeited the point. Any work product argument would fail on the merits in any event. The work product inquiry, a matter of federal law, turns on whether the materials are generated "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). Documents created by an insurance company before a coverage decision is relayed to a potential insured are not work product. *See Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2005 WL 3690565, at *7 (C.D. Ill. Jan. 31, 2005) ("Documents created before the insured is notified simply reflect the business that insurance companies do, namely investigating facts and determining whether those facts fall within policy coverage."); *see also Old Second Nat'l Bank of Aurora v. Commercial Union Midwest Ins. Co.*, 1999 WL 1068635, at *4 (N.D. Ill. Nov. 18, 1999) (work product doctrine protects documents created after coverage litigation was filed). Behling's coverage-related documents were created in the process of Consolidated's coverage determination, not in anticipation of litigation. The documents thus are not work product.

The second overarching issue concerns Consolidated's confidentiality objections to Lagestee-Mulder's requests for material regarding Consolidated's decision to provide coverage to Frontrunner. Confidentiality, in itself, is not a rationale for withholding discovery. *See Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1077 (S.D. Ill. 2006) ("There is no per se privilege exempting confidential business information from discovery, but courts must exercise discretion to avoid unnecessary disclosure of such information.") (internal quotations omitted). The mechanism for protecting confidentiality is a protective order. *See* Fed. R. Civ. P. 26(c); *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1077; *Ball Mem'l Hosp.*, *Inc. v.*

*Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986). Consolidated is entitled to seek a protective order prior to producing documents or information it deems confidential, but it cannot shield material from discovery simply on the ground that it is confidential.

The third overarching issue concerns Consolidated's relevance objection to producing material regarding its decision to accept Frontrunner's tender. Consolidated maintains that its acceptance of Frontrunner's tender is irrelevant to its denial of Lagestee-Mulder's tender because the validity of each decision is measured solely by the policy's terms. Consolidated's submission ultimately may carry the day, but at this point the court cannot foreclose the possibility that the Frontrunner decision could bear on the validity of the Lagestee-Mulder decision. Perhaps, for example, Consolidated's denial of Lagestee-Mulder's tender turned on a policy provision that is ambiguous, and perhaps Consolidated interpreted that provision differently when deciding to accept Frontrunner's tender. *See Marathon Plastics, Inc. v. Int'l Ins. Co.*, 514 N.E.2d 479, 486 (Ill. App. 1987) ("While usually the terms of a written agreement will be the only items considered in interpreting the agreement, in an ambiguous contract, custom and usage evidence is admissible. The court may also look at the interpretation which the parties have placed on the agreement as shown by their contemporaneous or subsequent acts or conduct.") (citations omitted), *overruled on other grounds*, *Traveler's Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481 (Ill. 2001). Lagestee-Mulder is entitled to explore these issues in discovery, and the only way to do so is by allowing it access to documents and information regarding Consolidated's decision to accept Frontrunner's tender. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

With these considerations in mind, the court turns to the interrogatories and document requests in dispute.

Requests to Produce Nos. 4-6, 12-13, 16 and Interrogatory Nos. 6, 8. These requests and interrogatories seek documents and information regarding Consolidated's acceptance of Frontrunner's tender and Frontrunner's defense in the state court litigation. As noted above, Consolidated cannot withhold material concerning its decision to accept Frontrunner's tender, including material involving Behling. However, as Lagestee-Mulder acknowledges, Consolidated need not produce material concerning Frontrunner's defense in the state court litigation, including communications between Consolidated and the attorneys assigned to defend Frontrunner. *See Claxton v. Thackston*, 559 N.E.2d 82, 85 (Ill. App. 1990).

Request to Produce No. 9. This request seeks Consolidated's reinsurance file for the Frontrunner policy. Lagestee-Mulder has clarified that this request stands only if Consolidated made a claim for reinsurance concerning Frontrunner's or Lagestee-Mulder's tenders. That approach is reasonable. If Consolidated made a claim for reinsurance, the reinsurance file should be produced, as it may shed light on Consolidated's coverage decisions.

Request to Produce No. 24. This request seeks a letter that Lagestee-Mulder is unable to find in the documents produced by Consolidated. If it has not already done so, Consolidated should identify this document by Bates number.

Allegedly Missing Documents and Redactions. In its first motion to compel, Lagestee-Mulder pointed to gaps in the Bates ranges of documents produced by Consolidated are not accounted for in Consolidated's the privilege log. If the log Consolidated subsequently produced does not already do so, Consolidated should amend its log to identify all documents withheld, and all redactions made, on privilege or work product grounds.

Privilege Log. Lagestee-Mulder expresses dissatisfaction with the privilege log produced by Consolidated. If disputes remain regarding the form or substance any particular entry or entries on log, Lagestee-Mulder should file a motion setting forth its specific challenges.

Interrogatory Nos. 4 and 9. These interrogatories ask for the basis of its statement that Lagestee-Mulder was not an additional insured on the Frontrunner policy, and for the information it believed it needed to make a coverage decision for Lagestee-Mulder. In its responses, Consolidated stated that its answers "may not be limited to" the information provided. Lagestee-Mulder asserts that the responses are incomplete. Consolidated's responses may stand, but Consolidated is reminded of its duty under Rule 26(e) to supplement its disclosures in a timely manner, and of the potential consequences under Rule 37(c)(1) for noncompliance.

Interrogatory No. 13. This interrogatory asks Consolidated whether it contends that Lagestee-Mulder's state court defense costs, or its settlement with the state court plaintiff, were unreasonable. Consolidated responds that it had not yet completed its analysis. At this point, Consolidated should have reached some conclusions on these matters. Consolidated shall answer the interrogatory or, at a minimum, provide Lagestee-Mulder with a date certain in the immediate future by which an answer will be provided.

Interrogatory No. 21. This interrogatory asks Consolidated to provide the basis for its "affirmative defense" that Lagestee-Mulder's second amended complaint does not state a cause of action. Failure to state a cause of action is not an affirmative defense. *See Brizendine v. U.S. Gypsum Co.*, 1992 WL 159449, at *1 (N.D. Ill. June 25, 1992) ("An affirmative defense stating that a complaint 'fails to state a claim' is an anomaly.") (citation omitted). That said, having alleged in a pleading that Lagestee-Mulder did not state a cause of action, and having been asked about that allegation in an interrogatory, Consolidated must give the basis for its allegation.

Interrogatory No. 22. This interrogatory asks Consolidated to identify its fact witnesses. In response, Consolidated provided a list of persons who may have relevant knowledge regarding the dispute and the subject matter of each person's knowledge. At this stage of the litigation, Lagestee-Mulder is entitled to nothing further. Consolidated will identify its potential trial witnesses before trial, *see* Fed. R. Civ. P. 26(a)(3); N.D. Ill. Form LR 16.1.1, ¶ 2(d), and its witness list presumably will be a subset of the persons it and Lagestee-Mulder have already identified as having knowledge relevant to this lawsuit. *See* Fed. R. Civ. P. 37(c)(1).

Finally, Lagestee-Mulder moves for sanctions because Consolidated did not make Rule 26(a)(1) disclosures and did not identify Behling as a fact witness in its interrogatory responses. Sanctions are not warranted. Lagestee-Mulder's distress at Consolidated's failure to make Rule 26(a)(1) disclosures rings somewhat hollow given that Lagestee-Mulder raised no complaint earlier in the litigation or even in its first motion to compel. And while Consolidated did not identify Behling in answering an interrogatory seeking the names of all persons "with knowledge of the facts alleged in the First Amended Complaint," it did identify "attorney Ann Behling" in answering a separate interrogatory seeking the names of all persons "who participated in the decision to deny coverage." So, Consolidated did acknowledge that Behling participated in the decision to deny Lagestee-Mulder's tender, and the disparate answers to the two interrogatories simply reflected Consolidated's understanding—mistaken, but not sanctionable—that Behling's status as an attorney meant that she was not a fact witness. Any prejudice to Lagestee-Mulder can be cured by Consolidated producing the Behling-related documents described above and producing Behling for deposition. The scope of the deposition of course shall comply with the privilege rulings set forth above.

For the foregoing reasons, Lagestee-Mulder's motion to compel and amended motion to compel and for sanctions is granted in part and denied in part. Consolidated shall produce the documents improperly withheld, eliminate the redactions improperly made, and make Behling available for deposition on a schedule to be discussed at the next status hearing.

November 17, 2010                                  _____
                                                    United States District Judge